**ARTVALE, Inc., Plaintiff,**

v.

**GEORGE KNITTING MILLS, Inc., A & W Manufacturing Corp. and George Aibel, Defendants.**

Civ. No. 16593.

United States District Court
E. D. New York.

July 5, 1956.

Emanuel Posnack, New York City, for plaintiff.

Armand E. Lackenbach and Burton Perlman, New York City, for defendants.

BYERS, District Judge.

By this motion, the defendants seek two forms of relief:

(a) That the defendant George Aibel be dropped from the cause as a party defendant; and

(b) For what is called a preliminary injunction, but which really is an application for a stay of the trial of this case pending the trial of a prior action between the same parties or some of them, which was started in the Southern District by the filing of a complaint on May 29, 1956, two days prior to the filing of the complaint in the above action in this district.

In the Southern District suit, the George Knitting Mills, Inc., a partnership, is the plaintiff, and the Artvale, Inc., the above-named plaintiff, is the defendant. The make-up of the partnership is described in the affidavit of George Aibel verified June 28th, filed on behalf of this motion, but so far as this court is advised, the members of the said partnership are not named as parties plaintiff in the Southern District action, for some reason which has not been explained. In that action a declaratory judgment is sought to determine the question of validity of letters patent No. 2,667,775 for knitted fabrics of which Artvale, Inc., the above-named plaintiff, is said to be the owner. In addition it appears that a cause of unfair competition is also pleaded. The action in this court is for alleged infringement of the said patent on the part of these defendants. Thus as to the issue of validity and infringement, the issues are common to both cases.

In opposition to the motion to drop the individual defendant George Aibel, the attorney for the plaintiff has submitted an affidavit filed June 27th which contains a statement of alleged reasons why George Aibel should be retained as an individual defendant, and since his own affidavit in behalf of the motion, filed on June 29th, indicates that he is the president of A. & W. Manufacturing Corp. and also a member of the partnership called George Knitting Mills which is a sales and distribution organization, no good reason is perceived for granting his motion. Since he is a member of the partnership, he is properly a party to the cause, and it seems not to be significant that he can be thought of both in his individual and partnership capacity.

Therefore the motion to drop him is denied.

■■ As to the motion for a stay, it is true that the action first started should be accorded priority, and the issue of validity and infringement of the letters patent should not be twice litigated in the same circuit. Therefore as a matter of calendar practice, the chances are that if the Eastern District cause is reached for trial before that takes place in the Southern District cause, this court can, in the exercise of discretion and upon a proper showing, defer this trial until the suit first begun shall have come to decision.

It therefore seems to be appropriate that the motion for a stay be and hereby is denied, without prejudice to a renewal thereof if the circumstances seem to warrant.

Settle order.